

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 31, 1977

The Honorable Kerry Knorpp
County Attorney
Potter County
Amarillo, Texas 79101

Opinion No. H-1004

Re: Whether the Department of Public Welfare may require counties to collect a $20 application fee for child support collection services for non-welfare recipients.

Dear Mr. Knorpp:

You have requested our opinion concerning whether the Department of Public Welfare (hereinafter DPW) may require Potter County to collect a $20 application fee for child support collection services for non-welfare recipients. You note that DPW and Potter County have entered into an agreement for the provision of child support collection services.

In 1975 Congress enacted Public Law 93-647 which provided in part for child support programs to be established by the various states with federal assistance. 88 Stat. 2337 <u>et. seq.</u> These programs were established in order to collect child support payments assigned to the various states by AFDC (Aid to Families with Dependent Children) participants. Section 454(6) of that law [42 U.S.C. § 654(6)] provides that a state plan for child support services must:

> (6) provide that (A) the child support collection or paternity determination services established under the plan shall be made available to any individual not otherwise eligible for such services upon application filed by such individual with the State, (B) an application fee for furnishing such services may be imposed, except that the amount of any such application fee shall be reasonable, as determined under regulations of the Secretary, and

> (C) any costs in excess of the fee so imposed
> may be collected from such individual by de-
> ducting such costs from the amount of any
> recovery made. . . .

<u>See</u> 45 C.F.R. § 302.33 (1975).

In accordance with the federal program, the Texas Legis-
lature amended Section 18-B of article 695c, V.T.C.S. to pro-
vide DPW with authority to provide child support collection
services "to enable it to participate in programs established
by federal law."  Section 18-B(b)(4) authorizes DPW to "enter
into contracts or agreements necessary to administer [the pro-
gram]."  <u>See also</u> 42 U.S.C. 654(7); 45 C.F.R. § 302.34 (1975).
Section 18-B(f) provides:

> (f) The State Department of Public Welfare
> may make parent locator, child support col-
> lection, or paternity determination services
> available to an individual not otherwise eli-
> gible for the services upon application of
> the individual.  A reasonable application fee
> and costs may be assessed for the services
> under rules and regulations developed by the
> State Department.

Thus DPW is specifically authorized by article 695c to
enter into agreements such as that with Potter County and to
assess an application fee for the services provided non-welfare
recipients.  Part I(A) of the contract with Potter County pro-
vides in part:

> All functions under this contract will be
> performed in accordance with all Department
> and federal regulations and directives.

In our view this provision clearly requires Potter County to
follow the valid regulations and directives of DPW.

The requirement of a collection of a $20 application
fee is contained in the State Department of Public Welfare
Child Support Handbook.  Since DPW is specifically authorized
by article 695c, section 18-B(f), to assess a "reasonable
application fee" and since the $20 fee is expressly permitted
under the federal regulations, in our opinion DPW's requirement
is valid.  45 CFR §302.33(b)(1) (1975).

You have asked whether such a fee would conflict with section 21.29 of the Family Code or with article 336, V.T.C.S. Section 21.29 is a part of the Uniform Reciprocal Enforcement of Support Act (URESA) and provides that "[t]here shall be no filing fee or other costs taxable to the obligee. . . ." We need not decide whether this provision alone would prevent the collection of an application fee for URESA actions, although we note that under Rule 308-A of the Rules of Civil Procedure attorney's fees may be collected as costs in support actions governed thereby. See also Family Code § 21.39(4). It is clear from the URESA statutes that a county attorney has the duty to represent an obligee plaintiff when requested by the court. Family Code, §§ 21.33, 21.26, 21.03; Attorney General Opinion H-343 (1974); see Penal Code § 25.05.

We do not believe that article 695c, section 18-B conflicts with the URESA statutes. Contracts entered pursuant to section 18 require a county to provide a broader range of services than those already required under URESA, including parent location and establishment of paternity. Payment of the application fee entitles a non-welfare recipient to the entire range of child support services, including URESA actions. Thus, a person need not apply for child support services under article 695c in order to secure the prosecution of URESA actions; however, an applicant under article 695c would be entitled to all services thereunder which would include the prosecution of URESA actions where necessary. We note that Rule 308-A, T.R.C.P., provides a further option to an obligee where a child support order has been entered in a court of the state. Of course, where an application fee is collected, it should be refunded to the applicant if it is recovered from the obligor under Rule 308-A or section 21.39(4) of the Family Code.

Article 336, V.T.C.S., prohibits a county attorney from taking any fee or compensation from any person in order to "prosecute any case which he is required by law to prosecute." In our understanding the $20 application fee is not taken by the county attorney as compensation; he does not receive any part thereof as remuneration. We do not believe that the statutorily authorized fee involved here conflicts with the proscription of article 336. As we noted above, the fee entitles a person to a broad range of services; the Legislature may properly provide for the financing of such services by collections from the parties benefited.

## S U M M A R Y

The Department of Public Welfare may require counties to collect a $20 application fee from non-welfare recipients for child support services.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml